**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:15-cv-20838-UU

UNITED STATES OF AMERICA,

v.

JERMAINE LINARD RAGIN,

      Defendant.

_____/

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT

THIS CAUSE is before the Court upon Defendant Jermaine Ragin's ("Ragin") Motion to Suppress (the "Motion").  D.E. 16.

THE COURT has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

### I.      Background

On February 26, 2016, a grand jury returned a three count indictment charging  Ragin with: (1) possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); (2) possession of cocaine and marijuana with intent to distribute, in violation of 18 U.S.C. § 841(a)(1); and, (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). D.E. 8.  On April 12, 2016, Defendant filed the Motion, which the undersigned referred to Magistrate Judge Alicia M. Otazo-Reyes for a Report and Recommendation. D.E. 17.

1

Following an evidentiary hearing, Magistrate Judge Otazo-Reyes issued a Report on May 2, 2016, recommending that Ragin's Motion be denied. D.E. 24. On May 16, 2016, Ragin timely filed objections to the Report.

Upon a *de novo* review of the issues in the Report, the Court agrees with Magistrate Judge Otazo-Reyes' recommendation and concurs in all of her findings.

## II.    Facts and Objections

To address Defendant's objections, the following facts are condensed from the Report:

On the afternoon of November 13, 2015, Ragin was sitting outside a residence at 425 N.W. 13th Street, Florida City, Florida with a group of other individuals. Florida City Police Department ("FCPD") Corporal Ken Armenteros ("Corporal Armenteros") and Chief Pedro Taylor ("Chief Taylor") arrived at the residence in response to an anonymous tip about a group of males selling narcotics in the area. The tipper, who the officers encountered while patrolling a bus stop in the northwest sector of Florida City, had alerted the officers that around the corner there was a group of males selling narcotics, one of whom had a weapon, and advised that the officers would see one black male with dread-locks standing in front of the "yellow houses." Recognizing the description of the area given by the tipper to be 13th Street, Corporal Armenteros drove toward the area, which was only a few blocks away. While driving along 13th Street, Corporal Armenteros saw four black males outside one of the yellow houses:  two males standing toward the front of the house; a heavy set male with dreads sitting near the entrance door on the side of the house; and, Ragin, a couple of feet away sitting behind them.

Corporal Armenteros pulled up in an unmarked police vehicle in front of the residence and saw Ragin reach with his right hand for an open silver can that was on the patch of grass

next to him and conceal an unknown object. Corporal Armenteros exited the vehicle and approached Ragin while maintaining an unobstructed line of sight of both Ragin and the cans that were next to him.  As he did so, Corporal Armenteros smelled a strong odor of fresh marijuana, which became stronger as he got closer to Ragin. When Corporal Armenteros was within two feet of Ragin and three feet away from the cans, he saw in the silver can a number of baggies of marijuana in it.

　　　At that point, Corporal Armenteros stepped back to prepare to effectuate an arrest. Ragin was still sitting and Corporal Armenteros saw in Ragin's left pocket of his shorts, the magazine and handle of a black handgun.  When Ragin responded to Corporal Armenteros' command to stand up, the handgun fell out of Ragin's left pocket, landing next to Ragin.  Corporal Armenteros then ordered Ragin to the ground, handcuffed him, and following a search of Ragin incident to his arrest, retrieved two baggies of marijuana and $264 in currency.  Corporal Armenteros secured the handgun, the silver can and an additional (yellow) can, placing the cans on the front seat of his vehicle and Ragin on the back seat. The silver can contained 28 baggies of marijuana and the yellow can contained 10 baggies of marijuana and 13 baggies of cocaine. The firearm was a .40 caliber Smith & Wesson with thirteen rounds of ammunition.

　　　Ragin first objects to the Magistrate's credibility determinations for Corporal Armenteros, arguing that those determinations largely determined the lawfulness of the seizure of the narcotics, firearm, and ammunition. D.E. 28 at 2.  In doing so, Ragin largely reasserts credibility arguments made during closing at the evidentiary hearing.  *See* D.E. 25 at 72-75. Specifically, Ragin claims that Corporal Armenteros' omission of Chief Taylor's involvement in his testimony and in two police reports he completed following the arrest taints his entire

testimony. Ragin additionally argues Corporal Armenteros' testimony that upon arriving at the scene he smelled marijuana from ten to fifteen away is incredible on its face.

The Report found Corporal Armenteros' testimony internally consistent, unbiased, and that it comported with contemporaneous police reports he completed in connection with the incident. D.E. 24 at 4. Corporal Armenteros explained in his testimony that Chief Taylor took no action during Ragin's arrest, that he followed behind him when he initially approached, and ultimately stood on a sidewalk north of him when he engaged Ragin. Therefore, his omission of Chief Taylor from his testimony and the police reports, the Report found, did not diminish his credibility. With respect to the marijuana odor, the Magistrate accepted Corporal Armenteros' testimony given his narcotics training and experience. Having reviewed the record from the evidentiary hearing the Court finds that the Magistrate's "understanding of the facts" is not "unbelievable," and thus the undersigned will not disturb the credibility determinations. *United States v. Ramirez–Chilel,* 289 F.3d 744, 749 (11th Cir.2002).

Ragin's second objection is conditional, i.e., he states that the Magistrate erred "to the extent that [her] conclusion rests on . . . the premise" that the information the tipper provided to Corporal Armenteros' gave him reasonable suspicion to conduct an investigatory stop under *Terry*. Although Report cites an Eleventh Circuit case with a parenthetical reciting the *Terry* standard, the Report does not conclude Corporal Armenteros conducted an investigatory stop under *Terry*. D.E. 24 at 9 ("[T]here was no *Terry* stop in this case."). Instead, the Magistrate correctly found that upon Corporal Armenteros initially approaching Ragin and the three males after exiting his vehicle, no person, at that juncture, was "seized" under the Fourth Amendment because none of the officers had issued commands. *Id.*; *see United States v. Jordan,* 635 F.3d

1181, 1186 (11th Cir. 2011) (stating the controlling inquiry for whether a seizure has occurred is whether "a person's freedom of movement was restrained by physical force or by submission to a show of authority") (internal citation omitted). Thus, no further analysis is warranted. Accordingly, it is hereby

ORDERED AND ADJUDGED the Magistrate Judge's Report (D.E. 24) is RATIFIED, ADOPTED, and AFFIRMED. It is further

ORDERED AND ADJUDGED that Defendant's Motion to Suppress (D.E. 16) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of May, 2016.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record